IN THE SUPREME COURT OF FLORIDA

| | |
|---|---|
| THE FLORIDA BAR, | Supreme Court Case No. SC- |
| IN RE:<br>THE PETITION FOR DISCIPLINARY REVOCATION OF BENJAMIN WALDO BUCK, JR. | The Florida Bar File No. 2023-10,373(13B)(HDR) |
| Petitioner. | |

_____/

## PETITION FOR DISCIPLINARY REVOCATION WITH LEAVE TO APPLY FOR READMISSION

COMES NOW Petitioner, Benjamin Waldo Buck, Jr., and submits this Petition for Disciplinary Revocation pursuant to Rule Regulating Fla. Bar 3-7.12 and states:

1. Petitioner knowingly and voluntarily submits this petition with leave to reapply for readmission within 5 years with full knowledge of its effect.

2. Petitioner is 32 years old and has been a member of The Florida Bar since September 22, 2015 and is subject to the jurisdiction of the Supreme Court of Florida and the Rules Regulating The Florida Bar.

3. Petitioner understands that The Florida Bar does not join in the filing of this petition, and the petition will be reviewed by the bar's board of governors pursuant to the procedures outlined in Rule 3-7.12(b).

4.     Petitioner has no prior disciplinary history. Petitioner closed his law practice as of January 20, 2023.

5.     The following disciplinary charges are currently pending against the petitioner before a grievance committee and at staff level:

   a.     In The Florida Bar File No. 2022-10,297(13B) it is alleged that petitioner was discharged by the court as court-appointed counsel for a client in a criminal matter due to his failure to appear at a pre-trial hearing.

   b.     The Florida Bar File No. 2022-10,341(13B) concerns allegations that petitioner coached his client to conceal information in a deposition.

   c.     The Florida Bar File No. 2022-10,429(13B) concerns allegations including but not limited to petitioner's failure to adequately represent a client at trial in a civil case and subsequently filing a lawsuit against the client seeking recovery for his attorney's fees.

   d.     The Florida Bar File No. 2022-10,609(13B) concerns allegations including but not limited to petitioner disseminating an illegally obtained recording of the complainant in connection with a personal civil claim petitioner brought against the complainant.

  e. In The Florida Bar File No. 2023-10,216(13B) it is alleged that petitioner was discharged by the court as court-appointed counsel for a client in a criminal matter due to his failure to appear at hearings.

  f. In The Florida Bar File No. 2023-10,338(13B) it is alleged that petitioner failed to appear at a hearing on his motion to withdraw from his client's case after being ordered by the court to appear.

  g. In The Florida Bar File No. 2022-10,363(13B) it is alleged that petitioner failed to communicate with his client in a criminal matter and missed a court appearance on the client's behalf.

  h. In The Florida Bar File No. 2022-10,399(13B) it is alleged that petitioner failed to provide discovery to his client in a criminal matter and failed to withdraw from the client's case after he was terminated.

  i. In The Florida Bar File No. 2022-10,442(13B) it is alleged that petitioner failed to communicate with and diligently represent a client in a civil matter.

  j. The Florida Bar File No. 2022-10,480(13B) concerns an alleged fee dispute wherein petitioner was retained to represent a

client at a subpoenaed deposition in a civil matter, but the deposition was cancelled and did not occur.

    k.    The Florida Bar File No. 2022-10,497(13B) concerns an alleged fee dispute as to whether petitioner was retained to assist a client on a pro bono basis or on a contingency basis in connection with a potential wrongful death claim.

    l.    In The Florida Bar File No. 2022-10,542(13B), petitioner was retained to represent a client in pending civil litigation, and it is alleged that petitioner disengaged from the representation but failed to seek withdrawal from the litigation.

    m.    In The Florida Bar File No. 2022-10,578(13B), it is alleged that petitioner failed to communicate with a client and neglected to pursue their personal injury matter.

    n.    In The Florida Bar File No. 2022-10,625(13B), it is alleged that petitioner neglected to pursue an appeal of a client's civil matter.

    o.    In The Florida Bar File No. 2022-10,632(13B) it is alleged that petitioner neglected to pursue a client's negligence case.

    p.    In The Florida Bar File No. 2022-10,065(13B), petitioner represented a client in a civil matter which was settled. It is alleged

that the settlement funds were not received by the client and were intercepted through fraudulent wiring instructions.

 q. In The Florida Bar File No. 2023-10,093(13B) it is alleged that petitioner failed to communicate and diligently pursue a client's criminal post-conviction appeal.

 r. In The Florida Bar File No. 2023-10,095(13B) it is alleged that petitioner failed to communicate and diligently pursue a client's civil claim and failed to return the client's costs deposit after disengaging from the case.

 s. In The Florida Bar File No. 2023-10,103(13B), it is alleged that petitioner failed to diligently represent a client in a criminal matter, failed to consult with the client regarding a plea offer, and failed to appear at appointments with the client. It is also alleged that petitioner was required by the court to disclose other criminal cases he handled to demonstrate his competency to handle the client's claim, but petitioner instead moved to withdraw from the case.

 t. In The Florida Bar File No. 2023-10,110(13B) it is alleged that petitioner failed to communicate and diligently assist a client in a criminal matter and failed to properly supervise his office staff.

  u. In The Florida Bar File No. 2023-10,208(13B), petitioner was court-appointed to represent an incarcerated client, and it is alleged that petitioner failed to diligently pursue the client's claims.

  v. In The Florida Bar File No. 2023-10, 249(13B), the complainant witnessed public court hearings related to the criminal cases that are the subject of Florida Bar File Nos. 2023-10,103(13B) and 2023-10,216(13B), and complainant alleged that petitioner was untruthful in his statements to the court in connection with those matters and others he witnessed.

  w. In The Florida Bar File No. 2023-10,251(13B) it is alleged that petitioner failed to communicate with a client, failed to pursue the client's negligence claim, and failed to properly inform the client petitioner had disengaged from the representation.

  x. In The Florida Bar File No. 2023-10,335(13B) it is alleged that petitioner failed to communicate with his client, failed to appear in court with the client, and failed to return the client's file documents.

  y. In The Florida Bar File No. 2023-10,345(13B) it is alleged that petitioner failed to communicate with a client in a juvenile delinquency matter and failed to appear in court on the client's behalf.

z. The Florida Bar File No. 2023-10,355(13B) concerns the same allegations related to the case that is the subject matter of Florida Bar File No. 2023-10,345(13B), and also alleges that petitioner received a letter of admonishment for failing to appear in court and failing to expedite litigation in the Fifth Judicial Circuit.

aa. The Florida Bar File No. 2023-10,362(13B) concerns allegations that petitioner failed to complete work on behalf of a client.

bb. In The Florida Bar File No. 2023-10,365(13B) it is alleged that petitioner failed to communicate with a client and failed to take action on the client's behalf in a criminal matter.

cc. In The Florida Bar File No. 2023-10,371(13B) it is alleged that petitioner failed to communicate with a client and failed to take action on the client's behalf in a post-conviction appeal.

dd. The Florida Bar File No. 2023-10,381(13B) concerns an order from the First District Court of Appeal wherein the court found that petitioner failed to respond to two orders to show cause in a criminal appeal.

ee. The Florida Bar File No. 2023-10,387(13B) concerns petitioner's conduct in connect with his representation of a client in a

federal criminal matter and two orders to show cause issued against petitioner for failing to appear at two hearings.

  ff. In The Florida Bar File No. 2023-10,389(13B), it is alleged that petitioner failed to effectively represent the defendant in a criminal matter.

 6. Petitioner contends that granting this Petition will not adversely affect the public interest, the integrity of the courts, or the confidence of the public in the legal profession. Further, petitioner contends that granting this Petition will not hinder the administration of justice.

 7. Petitioner agrees to reimburse the Client Security Fund (CSF) for any and all funds CSF has paid or may pay out for claims resulting from Petitioner's misconduct.

 8. Petitioner agrees to reimburse The Florida Bar for the costs incurred in his disciplinary cases.

 9. Petitioner agrees to submit to a complete audit of any trust account(s) and any other account(s) in which petitioner has placed client funds, if requested to do so by The Florida Bar.

 10. Petitioner further agrees to submit a sworn financial affidavit to The Florida Bar attesting to petitioner's current personal and professional

financial circumstances on a form to be provided by The Florida Bar within thirty (30) days, if requested.

11.   Petitioner further agrees to maintain a current mailing address with The Florida Bar for a period of five (5) years after the disciplinary revocation becomes final. Further, petitioner shall keep the bar advised as to the physical address of petitioner's home and/or business in the event petitioner should utilize a post office box or other type of mail drop service during the five (5) year period after the disciplinary revocation becomes final.

12.   Petitioner agrees to eliminate all indicia of petitioner's status as an attorney on social media, telephone listings, stationery, checks, business cards office signs or any other indicia of his status as an attorney, whatsoever. Petitioner will no longer hold himself out as a licensed attorney.

13.   Petitioner understands that the granting of this petition by the Supreme Court of Florida shall serve to dismiss all pending disciplinary cases.

WHEREFORE, petitioner respectfully requests that this Court grant this Petition and order that petitioner's membership in The Florida Bar be revoked with leave to seek readmission.

Respectfully submitted,

/s/Benjamin W. Buck, Jr.
_____
Benjamin Waldo Buck, Jr., Petitioner
503 East Jackson Street, #260
Tampa, FL 33602-4904
(866) 282-5529
Florida Bar ID No.: 117639
ben@benbuck.law

Dated this 09th day of February, 2023

## CERTIFICATE OF SERVICE

I certify that this document has been E-filed on petitioner's behalf with The Honorable John A. Tomasino, Clerk of the Supreme Court of Florida with a copy provided to Joshua E. Doyle, Executive Director, The Florida Bar, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, via email at jdoyle@floridabar.org; to Benjamin Waldo Buck, Jr., Petitioner, 503 East Jackson Street, #260, Tampa, FL 33602-4904, via email to ben@benbuck.law; and to Patricia Ann Toro Savitz, Staff Counsel, The Florida Bar, 651 E. Jefferson Street, Tallahassee, FL 32399-2300, via email at psavitz@floridabar.org on this ___9th___ day of February, 2023.

_____
Kimberly Anne Walbolt, Bar Counsel
The Florida Bar, Tampa Branch Office
2002 N. Lois Avenue, Suite 300
Tampa, FL 33607
(813) 875-9821
Florida Bar ID No.:105593
kwalbolt@floridabar.org

10