# Supreme Court of Florida

THURSDAY, AUGUST 17, 2023

| | |
|---|---|
| In re: Petition for Disciplinary Revocation of Benjamin Waldo Buck Jr. | **SC2023-0214**<br>Lower Tribunal No(s).:<br>2023-10,373(13B)(HDR) |

Petitioner's Notice of Change of Email Address and Response to Order to Show Cause, Amended Petitioner's Notice of Change of Email Address and Response to Order to Show Cause, and Second Amended Petitioner's Notice of Change of Email Address and Response to Order to Show Cause are hereby stricken as untimely.

The Court having ordered Petitioner to show cause why his Notice of Withdrawal of Petition for Disciplinary Revocation should not be stricken as filed in bad faith under Rule of Appellate Procedure 9.410(a), and Petitioner having failed to file a response to said order, the notice of withdrawal is hereby stricken.

The uncontested petition for disciplinary revocation, as provided by Rule Regulating The Florida Bar 3-7.12, with leave to seek readmission after five years, is granted subject to the continuing jurisdiction of this Court. *See Florida Bar v. Ross*, 732 So. 2d 1037, 1040-42 (Fla. 1998). Disciplinary revocation is

**CASE NO.: SC2023-0214**
Page Two

tantamount to disbarment.  *Florida Bar v. Hale*, 762 So. 2d 515 (Fla. 2000).  The disciplinary revocation shall be effective thirty days from the date of this order so that Petitioner can close out his practice and protect the interests of existing clients.  If Petitioner notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the revocation effective immediately.  Petitioner shall fully comply with Rule Regulating The Florida Bar 3-5.1(h).  Petitioner shall also fully comply with Rule Regulating The Florida Bar 3-6.1, if applicable.  In addition, Petitioner shall accept no new business from the date this order is filed until he is readmitted.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Benjamin Waldo Buck Jr. in the amount of $1,250.00, for which sum let execution issue.

Not final until time expires to file motion for rehearing, and if filed, determined.  <u>The filing of a motion for rehearing shall not alter</u>

**CASE NO.: SC2023-0214**
Page Three

<u>the effective date of this revocation</u>. As with disbarment, in seeking readmission to The Florida Bar, petitioner "may be admitted again only upon full compliance with the rules and regulations governing admission to the bar." R. Regulating Fla. Bar 3-7.10(n).

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

A True Copy
Test:

SC2023-0214 8/17/2023

John A. Tomasino
Clerk, Supreme Court
SC2023-0214 8/17/2023



AS

Served:

BENJAMIN WALDO BUCK JR.
PATRICIA ANN TORO SAVITZ
KIMBERLY ANNE WALBOLT